Case 2:24-cv-00096   Document 72   Filed on 04/04/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
April 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HAVENS, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00096 |
| | § | |
| HEATHER PEARSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 11). The M&R recommends that the Court:

- Retain Plaintiff's Fourteenth Amendment excessive-force claims against Guards Solis, Barcos, Zarate, and Byode in their individual capacities;

- Retain Plaintiff's Fourteenth Amendment deliberate-indifference claims against Deputy Chief Chapa, Corporal Fincher, Nurse Pearson, Nurse Hinojosa, Corporal Vanmetter, and Sheriff Deputy Stevenson in their individual capacities;

- Dismiss without prejudice Plaintiff's claims against all Defendants in their official capacities;

- Dismiss with prejudice Plaintiff's excessive-force claim against Nurse Pearson in her individual capacity;

- Dismiss with prejudice Plaintiff's false report claims against Guards Solis and Barcos in their individual capacities;

- Dismiss with prejudice Plaintiff's Fourteenth Amendment deliberate-indifference claim against Guard Barcos in his individual capacity;

- Dismiss with prejudice Plaintiff's retaliation claims against Deputy Chapa, Nurse

Pearson, Corporal Vanmetter, and Deputy Sheriff Stevenson (arising from their actions on July 31, 2023) in their individual capacities;

- Dismiss with prejudice Plaintiff's conspiracy claims against Nurse Pearson, Nurse Hinojosa, Guard Solis, Guard Barcos, Corporal Fincher, Corporal Vanmetter, and Deputy Chapa in their individual capacities; and

- Dismiss without prejudice Plaintiff's remaining claims as improperly joined in this action.

(D.E. 11, p. 1–2). Plaintiff has filed written objections to the M&R. (D.E. 18).

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 18), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 11). The Court also **GRANTS** Plaintiff leave to amend three of his claims.

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly

erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff raises numerous objections to the M&R. *See generally* (D.E. 18). The Court addresses each in turn.

Plaintiff first objects to the dismissal of his official-capacity claims. *Id.* at 1–2. The M&R recommends dismissal of Plaintiff's official capacity claims because Plaintiff has not alleged the existence of official policies regarding the use of force, access to medical treatment, or retaliation for exercising constitutional rights or "that any of the named defendants are policymakers . . . ." (D.E. 11, p. 16). And, the M&R explains, Plaintiff primarily references only his own situation— "[h]e does not provide in sufficient detail allegations of other incidents in which the constitutional rights of inmates have allegedly been violated." *Id.* While the facts contained in Plaintiff's objections are troubling, they do not alter the M&R's analysis. As Plaintiff states, he "can't speak for others . . . ." (D.E. 18, p. 1). And, although "the totality of just these events" could "show that not only was medical delayed [but] it was often outright denied," *see id.* at 2, Plaintiff's objections fail to explain how they demonstrate the existence of official policies, as is required for an official capacity claim, (D.E. 11, p. 16) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). Accordingly, the Court **OVERRULES** this objection.

Next, Plaintiff states that he "would like the chance to correct the fact that [he was] tased by Solis" which caused him to fall on his back during the alleged incident of excessive force. (D.E. 18, p. 3). Plaintiff also seeks to adds that twelve different guards punched, kicked, and elbowed him. *Id.* The Court **GRANTS** Plaintiff leave to amend his complaint to include these additional details.

Plaintiff then states that, with respect to his excessive-force claim against Nurse Pearson,

he failed to mention that "when [he] was in the restraint chair [Nurse Pearson] stated 'I got it' and [his] handcuffs clicked a few times cutting into [his] wrist." *Id.* The M&R recommends dismissal of Plaintiff's excessive-force claim against Nurse Pearson because Plaintiff failed to "provide any specific facts that Nurse Pearson used excessive force in restraining Plaintiff" and "does not provide any factual detail to suggest [he] suffered any physical injury" beyond "a *de minmis* physical injury, as a result of Nurse Pearson's actions . . . ." (D.E. 11, p. 21–22) (first citing *Roberts v. City of Houston*, No. H-14-0903, 2017 WL 1215428, at *10 (S.D. Tex. Mar. 31, 2017) (Ellison, J.); and then citing *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013) (per curiam)). Although Plaintiff's statement that Nurse Pearson fastened his handcuffs might constitute facts regarding how Nurse Pearson allegedly used excessive force, Plaintiff has not provided factual detail to suggest that he suffered more than a *de minimis* physical injury. And, Plaintiff's allegations about Nurse Pearson's statements during the incident do not relate to a claim of excessive force (indeed, Plaintiff seems to offer them for purposes of his conspiracy claim). (D.E. 18, p. 3). Accordingly, the Court **OVERRULES** this objection.

With respect to Plaintiff's false-reports claim, Plaintiff states that he does not "know how to properly object to this if there is even one to be made." *Id.* Plaintiff then states that "the false reports are a preconceived function to attack [his] liberty interest." *Id.* The M&R recommends dismissal of Plaintiff's "conclusory and threadbare" false-reports claim as frivolous or for failure to state a claim. (D.E. 11, p. 22–23). The M&R notes that a claim for false reports does not alone implicate any constitutional rights. *Id.* at 22 (first citing *Palmisano v. Bureau of Prisons*, 258 F. App'x 646, 647–48 (5th Cir. 2007) (per curiam); and then citing *Braxton v. Renteria*, No. 17-CV-125-BQ ECF, 2017 WL 8677938, at *7 (N.D. Tex. Nov. 15, 2017), *adopted*, No. 17-CV-125-C, 2018 WL 1535911 (N.D. Tex. Mar. 29, 2018)). As the M&R explains, "Plaintiff [has claimed] that

Guards Solis and Barcos created a false report to show that Plaintiff was the aggressor in stabbing Guard Solis on July 31, 2023 in order to justify the use of force." (D.E. 11, p. 22) (citing (D.E. 9, p. 18)). Liberally construed, Plaintiff seems to argue that the false reports constituted a cover up for the use of excessive force. Although the use of excessive force implicates a constitutional right, courts often focus on the consequences of a false report, rather than what led to the report. *Vega v. City of El Paso*, No. EP-21-CV-00116, 2022 WL 174526, at *10 (W.D. Tex. Jan. 19, 2019) (Torres, Mag. J.), *adopted*, 2022 WL 289334 (W.D. Tex. Mar. 15, 2022) (collecting cases). Because Plaintiff has failed to allege how the alleged false reports violated any particular, recognized constitutional right, the Court **OVERRULES** this objection.

Plaintiff next states, in regard to his deliberate-indifference claims, that "[Deputy Chief Chapa, Corporal Fincher, Nurse Pearson, Nurse Hinojosa, Corporal Vanmetter, and Sheriff Deputy Stevenson] are well aware of [his] past medical and preexisting injuries that have documented proof." (D.E. 18, p. 4). The M&R recommends the Court retain Plaintiff's deliberate-indifference claims. (D.E. 11, p. 28). Plaintiff can pursue these allegations during the course of litigating his claims for deliberate indifference. To the extent Plaintiff seeks to add Nurse Castro as a defendant on this claim, (D.E. 18, p. 4), the Court **GRANTS** Plaintiff leave to amend to include Nurse Castro as a defendant for his retained deliberate-indifference claims.

Plaintiff then objects to the dismissal of his deliberate-indifference claim against Guard Barcos. (D.E. 18, p. 4). Plaintiff argues that he had informed Guard Barcos of his medical conditions on multiple occasions, and that Nurse Pearsons disclosed Plaintiff's medical information to the guards. *Id.* The M&R recommends dismissing Plaintiff's claim because Plaintiff has failed to allege facts that indicate Guard Barcos either denied Plaintiff access to medical staff after the assault, or that any delay caused Plaintiff substantial harm. (D.E. 11, p. 28). Plaintiff's

objection does not cure those defects. Accordingly, the Court **OVERRULES** this objection.

With respect to his claim for retaliation, Plaintiff first asserts that he would like to add Guard Solis as a defendant this claim. (D.E. 18, p. 4). Given the M&R's explicit reference to Plaintiff not pleading a retaliation claim against Guard Solis, the Court **GRANTS** Plaintiff leave to amend his complaint and include a claim for retaliation against Guard Solis as detailed in the M&R. (D.E. 11, p. 30).

Plaintiff also provides numerous factual allegations he argues relate to retaliation. (D.E. 18, p. 4–6). The M&R recommends dismissal of Plaintiff's retaliation claims because Plaintiff failed to provide direct evidence of retaliatory motivation or "a timeline of events with respect to the filing of his lawsuit in 2022 and the events of July 21, 2023, to lead to an inference he was the victim of retaliation on [July 21]." (D.E. 11, p. 31). As best the Court understands, Plaintiff asserts that guards were reading his legal mail during the relevant time period, which made them aware of his lawsuit. *See* (D.E. 18, p. 4–6). Plaintiff also provides a timeline of various events from September/October 2022 to April 2024. *Id.* The timeline includes: (1) in September/October 2022, Guards read Plaintiff's legal mail/materials and discovered he was pursuing a lawsuit; (2) around November 2022, Plaintiff was assisting another inmate with his lawsuit and they were permanently separated, with Plaintiff being placed in solitary confinement without disciplinary infraction or hearing; (3) for 100 days Plaintiff had all privileges revoked, including reading materials; (4) in June 2023 the guards were attempting to create a false pretense that Plaintiff was verbally and physically combative; and (5) on July 19, 2023, Plaintiff was transferred to Kleberg County despite not knowing where it is. *Id.* Considering this timeline, Plaintiff raises grievances in his subsequent treatment by guards, and denial of services, amenities, and legal relief as factors pertinent to his retaliation claim. *Id.*

Despite providing a chronology, Plaintiff nevertheless fails to detail that the same guards in each of the chronicled actions were either involved in the July 2023 incident themselves or were in cahoots with those who were. Accordingly, the Court **OVERRULES** this objection and **DENIES** leave to amend to include additional claims of retaliation other than for Guard Solis. *See Guy v. Leblanc*, No. CIV.A. 13-2792 C/W, 2015 WL 4755078, at *9–10 (E.D. La. August 10, 2015) (Morgan, J.) (explaining that chronology alone does not support inference of retaliation when it lacks allegations of the allegedly-retaliating official's involvement).

Plaintiff also objects to the dismissal of his conspiracy claims. (D.E. 18, p. 6). The M&R recommends dismissal because Plaintiff's allegations "consist of only conclusory allegations and his speculative belief that several defendants actually entered into an agreement to violate his rights or otherwise physically injure him." (D.E. 11, p. 32) (citing *Easter v. City of Dallas Prob. Div.*, No. 21-CV-0860-D (BH), 2022 WL 2975349, at *8 (N.D. Tex, June 27, 2022) (Ramirez, Mag. J.), *adopted*, 2022 WL 2972595 (N.D. Tex. July 27, 2022)). In his objections, Plaintiff makes allegations regarding previous actions of various guards. (D.E. 18, p. 6). These include that Guard Chapa stated "[y]ou don't have to worry about grievances because the sheriff said to ignore them," that Corporal Vanmetter said that he would "kick [Plaintiff's] ass if another guard quits from [Plaintiff] writing them up or suing them," and that Eisenmann threatened to frame him for sexual harassment. *Id.* Plaintiff's objections fail to articulate specific, nonconclusory allegations that establish an agreement among the defendants to violate his federal civil rights as required to state a claim for section 1983 conspiracy. *See* (D.E. 18, p. 32) (first citing *Priester v. Lowndes Csnty.*, 354 F.3d 414, 420 (5th Cir. 2004); then citing *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987); and then citing *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (per curiam)). The Court **OVERRULES** this objection.

Finally, Plaintiff objects to the M&R's recommendation that the Court dismiss claims unrelated to the July 31, 2023 incident. (D.E. 18, p. 7). Plaintiff states that "these claims are all related and interconnected and serves to show the overall picture . . . of repeated gross constitutional violations and misconduct." *Id.* However, Plaintiff fails to articulate how the events constitute part of the same transaction as the July 31, 2023 incident. *See id.* Accordingly, the Court **OVERRULES** this objection. If Plaintiff would like to pursue these claims, he may do so in a separate lawsuit.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 18), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 11). Accordingly, the Court:

- **RETAINS** Plaintiff's Fourteenth Amendment excessive-force claims against Guards Solis, Barcos, Zarate, and Byode in their individual capacities;
- **RETAINS** Plaintiff's Fourteenth Amendment deliberate-indifference claims against Deputy Chief Chapa, Corporal Fincher, Nurse Pearson, Nurse Hinojosa, Corporal Vanmetter, and Sheriff Deputy Stevenson in their individual capacities;
- **GRANTS** Plaintiff leave to amend to include Nurse Castro as a defendant for his retained deliberate-indifference claims;
- **GRANTS** Plaintiff leave to amend his complaint and include a claim for retaliation against Guard Solis as detailed in the M&R, (D.E. 11, p. 30);
- **GRANTS** Plaintiff leave to amend his complaint to include additional details for his retained excessive-force claims;

- **DISMISSES** without prejudice Plaintiff's claims against all Defendants in their official capacities;

- **DISMISSES** with prejudice Plaintiff's excessive-force claim against Nurse Pearson in her individual capacity;

- **DISMISSES** with prejudice Plaintiff's false-report claims against Guards Solis and Barcos in their individual capacities;

- **DISMISSES** with prejudice Plaintiff's Fourteenth Amendment deliberate-indifference claim against Guard Barcos in his individual capacity;

- **DISMISSES** with prejudice Plaintiff's retaliation claims against Deputy Chapa, Nurse Pearson, Corporal Vanmetter, and Deputy Sheriff Stevenson (arising from their actions on July 31, 2023) in their individual capacities;

- **DISMISSES** with prejudice Plaintiff's conspiracy claims against Nurse Pearson, Nurse Hinojosa, Guard Solis, Guard Barcos, Corporal Fincher, Corporal Vanmetter, and Deputy Chapa in their individual capacities; and

- **DISMISSES** without prejudice Plaintiff's remaining claims as improperly joined in this action.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 4, 2025