United States District Court
Southern District of Texas
**ENTERED**
February 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HAVENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00096 |
| | § | |
| HEATHER PEARSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court are Magistrate Judge Julie K. Hampton's Memorandum and Recommendations ("M&Rs"). (D.E. 81); (D.E. 89). The D.E. 81 M&R recommends that the Court dismiss Sheriff Deputy Stevenson from this action for failure to timely serve. (D.E. 81, p. 5). The D.E. 89 M&R recommends that the Court retain Plaintiff's Fourteenth Amendment deliberate indifference claim against Nurse Castro in her individual capacity, retain Plaintiff's retaliation claim against Guard Solis in his individual capacity, and dismiss without prejudice Plaintiff's Fourteenth Amendment excessive force claims against the Eight John Doe guards in their individual capacities. (D.E. 89, p. 10). Plaintiff filed written objections to both M&Rs. (D.E. 112); (D.E. 111).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will

not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 842 F.2d 419, 421 (5th Cir. 1987) (citation and internal quotation marks omitted).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Furthermore, having previously authorized district courts to expeditiously adopt a magistrate's recommendation, *McGill v. Goff*, 17 F.3d 729, 731–32 (5th Cir. 1994) (permitting a district court to adopt a magistrate's recommendation one day after receiving it and before objections were filed), the Fifth Circuit has also authorized district courts to adopt a magistrate's recommendation without providing detailed analysis. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (affirming a district court's two-sentence order adopting a magistrate's recommendation for summary judgment).[1]

After considering Plaintiff's objections and reviewing the M&R de novo, the Court **OVERRULES** Plaintiff's objections, (D.E. 111); (D.E. 112), and **ADOPTS** the findings and conclusions of the M&Rs. (D.E. 81); (D.E. 89). Accordingly, the Court:

- **DISMISSES without prejudice** Sheriff Deputy Stevenson from this action for failure to serve him in a timely fashion under Rule 4(m);

- **RETAINS** Plaintiff's Fourth Amendment deliberate indifference claim against Nurse Castro in her individual capacity arising from her alleged actions in delaying

---

[1] Specifically, the Fifth Circuit stated that "because the magistrate here made only legal findings on a summary judgment motion, the district court was permitted to issue an abbreviated order adopting [the recommendation]." *Habets*, 363 F.3d at 382. Although one of the instant M&Rs is at the complaint-screening stage and not summary judgment, the Court finds that the principles animating the Fifth Circuit's decision apply with equal force here: (1) "the record was available to the district court a full 20 days before the court issued its order"; (2) "the magistrate here made no involved findings of fact . . ."; (3) "the magistrate here provided a thorough analysis to support its recommendation"; and (4) "the district court had a complete record of the magistrate's proceedings." *See id.* (citations omitted).

or denying Plaintiff adequate medical care following the use of force on July 31, 2023; and

- **RETAINS** Plaintiff's retaliation claim against Guard Solis in his individual capacity arising solely from his actions taken on July 31, 2023; and

- **DISMISSES without prejudice** Plaintiff's Fourth Amendment excessive force claims against the Eight John Doe Guards in their individual capacities as conclusory and threadbare.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
February 2nd, 2026